LATHAM & WATKINS LLP
 Alfred C. Pfeiffer (CA 120965)
 Christopher S. Yates (CA 161273)
 Belinda S Lee (CA 199635)
 Niall E. Lynch (CA 157959)
 Ashley M. Bauer (CA 231626)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  415-391-0600
Facsimile:   415-395-8095
*al.pfeiffer@lw.com*
*chris.yates@lw.com*
*belinda.lee@lw.com*
*niall.lynch@lw.com*
*ashley.bauer@lw.com*

*Attorneys for Defendant StarKist Co.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sysco Corporation,<br><br>                   Plaintiff,<br><br>          v.<br><br>Bumble Bee Foods, LLC, StarKist Company, Dongwon Industries Co. Ltd., Del Monte Corporation, Tri-Union Seafoods LLC d/b/a Chicken of the Sea International, Inc., and Thai Union Group PCL,<br><br>                   Defendants. | Case No. 3:18-CV-00387-JLS-MDD<br><br>MDL No. 2670<br><br>**DEFENDANT STARKIST CO.'S ANSWER TO THE SYSCO CORPORATION PLAINTIFF'S COMPLAINT** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

CASE NO. 3:18-00387-JLS-MDD
MDL NO. 2670

1    Defendant StarKist Co. ("StarKist") hereby responds and answers

2  each corresponding numbered paragraph in Plaintiff Sysco Corporation's

3  ("Plaintiff" or "Sysco") Complaint as follows:

4    1.    StarKist denies involvement in any purported collusive

5  agreement or conspiracy.  StarKist admits that Bumble Bee, StarKist, and COSI

6  are the three largest producers of shelf-stable tuna in the United States.  Except as

7  so stated, StarKist denies all remaining allegations in this paragraph.

8    2.    StarKist denies the allegations in this paragraph.

9    3.    StarKist denies involvement in any purported collusive

10  agreement or conspiracy.  StarKist admits that Sysco has purchased StarKist brand

11  shelf-stable tuna, indirectly from StarKist when Sysco purchased these products

12  from StarKist's customer Heinz.  Except as so stated, StarKist lacks knowledge or

13  information sufficient to form a belief as to the truth of the remaining allegations in

14  this paragraph and therefore denies those allegations.

15    4.    This paragraph contains general characterizations and legal

16  conclusions regarding Plaintiff's claims to which no response is required.  To the

17  extent that this paragraph is deemed to contain allegations to which a response is

18  required, StarKist denies such allegations as stated.

19    5.    StarKist denies involvement in any purported collusive

20  agreement or conspiracy.  StarKist admits that Bumble Bee, StarKist, and COSI

21  are currently the largest three producers of shelf-stable tuna in the United States.

22  Except as so stated, StarKist denies the remaining allegations in this paragraph.

23    6.    StarKist admits that Plaintiff purports to summarize an

24  observation by COSI's then-President (Dennis Mussell).  StarKist refers to Mr.

25  Mussell's purported observation, to the extent it exists, for its contents and denies

26  any characterization thereof.  StarKist lacks knowledge or information sufficient to

27  form a belief as to the truth of the allegations in the final sentence of this paragraph

28  and therefore denies those allegations.  StarKist denies the remaining allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT      1

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  this paragraph.

2          7.      StarKist denies the allegations in this paragraph.

3          8.      StarKist denies involvement in any purported collusive

4  agreement or conspiracy.  StarKist admits that Plaintiff purports to summarize a

5  memo by Mr. Mussell.  StarKist refers to Mr. Mussell's purported memo, to the

6  extent it exists, for its contents and denies any characterization thereof.  Except as

7  so stated, StarKist lacks knowledge or information sufficient to form a belief as to

8  the truth of the allegations in this paragraph therefore denies those allegations.

9          9.      StarKist denies the allegations in this paragraph.

10         10.     StarKist denies involvement in any purported collusive

11  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

12  form a belief as to the truth of the remaining allegations in this paragraph and

13  therefore denies those allegations.

14         11.     StarKist denies involvement in any purported collusive

15  agreement or conspiracy.  StarKist admits that StarKist began distributing five-

16  ounce cans of tuna in or about July 2008.  StarKist admits that the StarKist can size

17  change was largely completed in early 2009.  StarKist lacks knowledge or

18  information sufficient to form a belief as to the truth of the allegations regarding

19  Bumble Bee and COSI in this paragraph and therefore denies those allegations.

20  StarKist denies all remaining allegations in this paragraph.

21         12.     StarKist denies involvement in any purported collusive

22  agreement or conspiracy.  The allegations in this paragraph contain

23  characterizations and legal conclusions to which no response is required.  To the

24  extent a response is deemed required, StarKist denies the allegations in this

25  paragraph.

26         13.     StarKist denies involvement in any purported collusive

27  agreement or conspiracy.  StarKist admits that StarKist used Impress for its can.

28  StarKist further admits that StarKist is and has been a member of a number of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT          2

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

reputable and well-known trade organizations.  The remaining allegations in this paragraph contain characterizations and legal conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the allegations in this paragraph.

14.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purports to refer to a July 2015 statement by Thai Union.  StarKist refers to any such statement, to the extent it exists, for its contents and denies any characterization thereof.  The remaining allegations in this paragraph contain characterizations and legal conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the allegations in this paragraph.

15.     StarKist denies involvement in any purported collusive agreement or conspiracy.  The allegations in this paragraph contain characterizations and legal conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the allegations in this paragraph.

16.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purports to list current and former employees of Defendants, along with their titles, in Appendix A.  The remaining allegations in this paragraph contain characterizations and legal conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the allegations in this paragraph.

17.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purports to quote and summarize documents purportedly signed by Bumble Bee employees Walter Scott Cameron and Kenneth Worsham.  StarKist refers to any such documents, to the extent they exist, for their contents and denies any characterization thereof. StarKist lacks knowledge or information sufficient to form a belief as to the truth

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT     3

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  of the remaining allegations in this paragraph and therefore denies those

2  allegations.  To the extent any further response is deemed required, StarKist denies

3  the remaining allegations in this paragraph.

4       18.    StarKist admits that Plaintiff purports to quote and summarize

5  DOJ announcements and comments.  StarKist refers to any such documents, to the

6  extent they exist, for their contents and denies any characterization thereof.  To the

7  extent any further response is deemed required, StarKist lacks knowledge or

8  information sufficient to form a belief as to the truth of the allegations in this

9  paragraph and therefore denies those allegations.

10       19.    StarKist denies involvement in any purported collusive

11  agreement or conspiracy.  StarKist admits that Stephen L. Hodge is a former

12  Senior Vice President of Sales at StarKist.  StarKist admits that Plaintiff purports

13  to quote and summarize DOJ announcements and comments.  StarKist refers to

14  any such documents, to the extent they exist, for their contents and denies any

15  characterization thereof.  Except as so stated, StarKist denies the allegations of this

16  paragraph.

17       20.    StarKist denies involvement in any purported collusive

18  agreement or conspiracy.  The allegations in this paragraph contain legal

19  conclusions and legal argument to which no response is required.  To the extent a

20  response is deemed required, StarKist denies the allegations in this paragraph.

21       21.    StarKist denies involvement in any purported collusive

22  agreement or conspiracy. The remaining allegations in this paragraph contain legal

23  conclusions and legal argument to which no response is required.  To the extent

24  any further response is deemed required, StarKist denies the allegations in this

25  paragraph.

26       22.    StarKist denies involvement in any purported collusive

27  agreement or conspiracy.  StarKist admits that Plaintiff purports to quote a

28  statement by William Baer.  StarKist refers to any such statements, to the extent

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

4

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

they exist, for their contents and denies any characterization thereof.  With respect to the remaining allegations in subparagraph (a), StarKist lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.  StarKist denies the allegations in subparagraph (b).

23.     StarKist admits that Plaintiffs purport to bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, but denies that Plaintiffs can state any claim and denies that Plaintiffs are entitled to any relief.  StarKist denies any remaining allegations in this paragraph.

24.     Whether the Court has subject matter jurisdiction over this action is a legal conclusion to which no response is required. StarKist denies any remaining allegations in this paragraph.

25.     The allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, StarKist denies each and every such allegation.

26.     Whether the Court has personal jurisdiction over StarKist is a legal conclusion to which no response is required.  StarKist denies the remaining allegations in this paragraph.

27.     The allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, StarKist denies each and every such allegation.

28.     The final sentence of this paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the allegations in the final sentence of this paragraph.  StarKist lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

29.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, StarKist denies all allegations.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT     5

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1

2          30.     StarKist lacks knowledge or information sufficient to form a

3   belief as to the truth of the allegations in this paragraph as they relate to other

4   Defendants, and on that basis denies all such allegations.  StarKist denies the

5   remaining allegations contained in this paragraph.

6          31.     StarKist denies involvement in any purported collusive

7   agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

8   form a belief as to the truth of the allegations in this paragraph as they relate to

9   other Defendants, and on that basis denies all such allegations.  StarKist denies the

10   remaining allegations contained in this paragraph.

11          32.     StarKist admits that StarKist Co. is a corporation organized,

12   existing, and doing business under the laws of the State of Delaware, with its

13   headquarters and principal place of business in Pittsburgh, Pennsylvania. StarKist

14   admits that it manufactures tuna in shelf-stable cans and pouches. StarKist admits

15   that it operates a tuna processing facility in Pago Pago, American Samoa.  StarKist

16   admits that Plaintiff purports to summarize a publication by the Pittsburgh Post-

17   Gazette.  StarKist refers to any such publication, to the extent it exists, for its

18   content and denies any characterization thereof.  StarKist admits Dongwon

19   Industries was one of multiple parties to a Purchase Agreement in 2008, whereby

20   Dongwon Industries acquired a partial stake in StarKist.  Dongwon Industries later

21   acquired 100% of StarKist in September 2012.  Except as so stated, StarKist denies

22   the remaining allegations in this paragraph.

23          33.     StarKist admits that Dongwon Industries Co., Ltd. is a

24   corporation organized, existing, and doing business in South Korea, with its

25   headquarters located in Seoul, South Korea.  StarKist admits that Dongwon

26   Industries owns a fishing fleet.  StarKist admits Dongwon Industries was one of

27   multiple parties to a Purchase Agreement in 2008, whereby Dongwon Industries

28   acquired a partial stake in StarKist.  Dongwon Industries later acquired 100% of

LATHAM&WATKINS ᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT        6

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

StarKist in September 2012.  StarKist admits that Dongwon Industries is currently StarKist's parent.  StarKist denies the remaining allegations in this paragraph.

34.     StarKist admits that Plaintiff purports to define a Korean "chaebol."  StarKist refers to the cited references, to the extent they exist, for their contents and denies any characterization thereof.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

35.     StarKist admits that Dongwon Enterprise started in 1969 and today has several subsidiaries.  StarKist admits that the company's Chairman is Jae-chul Kim.  StarKist admits that Dongwon Enterprise is headquartered in Seoul, South Korea.  StarKist admits that Dongwon Industries is currently the parent entity for StarKist.  Except as so stated, StarKist denies the allegations in this paragraph.

36.     StarKist denies each and every allegation in this paragraph.

37.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purports to quote from various sources, including Forbes, websites, and other communications.  StarKist refers to those sources, to the extent they exist, for their contents and denies any characterization thereof.   StarKist admits that, in late 2014, Andrew Choe became the President and CEO of StarKist. StarKist admits that Mr. Choe became the Senior Vice-President of Supply Chain and Operations in April 2012. StarKist admits that Mr. Choe previously was the Director of Strategic Planning at Dongwon Enterprise.  StarKist admits that Nam-Jung Kim ("NJ Kim") is the son of Chairman Kim.  StarKist admits that NJ Kim served as the COO of StarKist from about 2012 until October 2014.  StarKist admits that NJ Kim became Vice Chairman of StarKist on November 1, 2014.  StarKist admits that NJ Kim became Vice Chairman of StarKist on November 1, 2014.  StarKist admits that NJ Kim currently serves on the board of directors for StarKist and Dongwon Industries.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT          7

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1   StarKist admits that NJ Kim formerly was Vice-President of Dongwon F&B and

2   Dongwon Enterprise Co.  StarKist admits that NJ Kim served as the Head of the

3   Finance and Planning Department at Dongwon Systems from approximately

4   January 2007 to February 2009, and served as Vice President of the Construction

5   Department at Dongwon Systems from approximately March to December 2009.

6   StarKist admits that NJ Kim owned a controlling interest in Dongwon Industries

7   while serving as StarKist's COO and Vice Chairman.  StarKist admits that Hyung-

8   Joo Kim was Chief Financial Officer of Dongwon F&B.  StarKist admits that

9   Hyung-Joo Kim became the CFO of StarKist in 2012.  StarKist admits that Ingu

10  Park is the Chairman of the Board of StarKist.  StarKist admits that Ingu Park

11  served as StarKist's Acting President from December 1, 2010 to February 28,

12  2011.   StarKist admits that Ingu Park serves as CEO of Dongwon Precision

13  Machinery Company.  StarKist admits that Ingu Park served as CEO and Vice

14  Chairman at Dongwon F&B and Dongwon Enterprise.  StarKist admits that it has

15  held some board meetings in South Korea. StarKist admits that StarKist is

16  currently a wholly-owned subsidiary of Dongwon Industries.  StarKist admits

17  Dongwon Industries was one of multiple parties to a Purchase Agreement in 2008,

18  whereby Dongwon Industries acquired a partial stake in StarKist.  Dongwon

19  Industries later acquired 100% of StarKist in September 2012.  Except as so stated,

20  StarKist denies the remaining allegations in this paragraph.

21        38.     StarKist admits that Del Monte owned and operated StarKist

22  prior to October 2008.  StarKist admits that Plaintiff purports to describe and quote

23  an Operating Services Agreement between Del Monte Corporation and StarKist

24  Co., dated October 6, 2008, and a purported Del Monte filing with the Securities &

25  Exchange Commission.  StarKist refers to those documents for their contents and

26  denies any characterization thereof.  Except as so stated, StarKist lacks knowledge

27  or information sufficient to form a belief as to the truth of the remaining

28  allegations in this paragraph and therefore denies those allegations.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT   8

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

39.     StarKist denies involvement in any purported collusive agreement or conspiracy. StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

40.     This paragraph does not contain factual allegations to which a response is required.  To the extent a response is deemed required, StarKist denies the allegations in this paragraph.

41.     StarKist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

42.     StarKist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

43.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, StarKist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

44.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, StarKist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

45.     StarKist admits that Plaintiff purports to quote DOJ announcements.  StarKist refers to those announcements, to the extent they exist, for their content and denies any characterization thereof.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

46.     StarKist lacks knowledge or information sufficient to form a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT     9

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  belief as to the truth of the allegations in this paragraph and therefore denies those
2  allegations.

3          47.    StarKist lacks knowledge or information sufficient to form a
4  belief as to the truth of the allegations in this paragraph and therefore denies those
5  allegations.

6          48.    StarKist lacks knowledge or information sufficient to form a
7  belief as to the truth of the allegations in this paragraph and therefore denies those
8  allegations.

9          49.    StarKist lacks knowledge or information sufficient to form a
10 belief as to the truth of the allegations in this paragraph and therefore denies those
11 allegations.

12         50.    This paragraph does not contain factual allegations to which a
13 response is required.  To the extent a response is deemed required, StarKist denies
14 the allegations in this paragraph.

15         51.    StarKist denies the allegations in this paragraph.

16         52.    StarKist denies the allegations in this paragraph.

17         53.    The allegations in this paragraph contain legal conclusions to
18 which no response is required.  To the extent a response is deemed required,
19 StarKist denies the allegations in this paragraph.

20         54.    StarKist denies the allegations in this paragraph.

21         55.    StarKist admits the first and second sentences of this paragraph.
22 StarKist admits that Dongwon Industries has a tuna fishing fleet that is used, at
23 least in part, to supply fish to StarKist.  StarKist lacks knowledge or information
24 sufficient to form a belief as to the truth of the remaining allegations in this
25 paragraph and therefore denies those allegations.

26         56.    StarKist admits that tuna trading companies sometimes buy fish
27 from fishing vessels and coordinate transshipment of catches to processors.
28 StarKist admits that Tri-Marine Group, Itochu Corporation, and Fong Cherng

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT          10

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

Fishery Company Ltd. are tuna trading companies. StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

57.     StarKist admits that, at a processing plant, tuna is cooked (usually by steaming), cleaned, filleted, and prepared for canning or packaging. StarKist admits that Plaintiff purports to quote Bumble Bee's website.  StarKist refers to the Bumble Bee website, to the extent it exists, for its contents and denies any characterization thereof.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

58.     StarKist admits that, after processing, tuna is canned or packaged.  StarKist admits that chunk-style tuna is conveyed through a chopper, and solid-style tuna is packed directly into the can.  StarKist admits that, along with tuna, cans are filled with either vegetable oil or water (along with other ingredients) before they are sealed. StarKist admits that, after the can is sealed, it is cooked under pressure to allow for sterility and a long shelf-life. StarKist admits that tuna cans are then sold to customers.  StarKist admits that prices for canned tuna can vary depending upon numerous factors, including but not limited to the type of tuna (e.g., light or white meat), packaging (can or pouch), water or oil, flavoring, brand, and package size.  To the extent there are any remaining allegations in this paragraph for which a response is deemed required, StarKist denies those allegations.

59.     StarKist admits that it maintains facilities in Ecuador and American Samoa and that Dongwon Industries maintains facilities in South Korea. StarKist lacks knowledge as to the remaining allegations in this paragraph and therefore denies those allegations.

60.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that the purse seine is a method of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT        11

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

fishing involving the use of large nets.  StarKist admits that Fishing Aggregation Devices ("FADs") can include man-made objects such as floats or buoys that are used to attract certain fish.  StarKist admits that the purse seine method and FADs are technological advances in fishing over the last 40 years.  Except as so stated, StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

61.   StarKist admits that Plaintiff purports to provide information from the Pacific Islands Forum Fisheries Agency ("FFA").  StarKist refers to the FFA source, to the extent it exists, for its contents and denies any characterization thereof.  To the extent that this paragraph is deemed to contain additional allegations to which a response is required, StarKist denies such allegations as stated.

62.   StarKist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

63.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purportedly has made a chart with Chartbuilder that cites "Data: USDA."  StarKist refers to the source data, to the extent it exists, for its contents and denies any characterization thereof.  StarKist denies the remaining allegations in this paragraph as stated.

64.   StarKist admits that the United States was the largest consumer of canned tuna in the world in 2010.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

65.   This paragraph does not contain factual allegations to which a response is required.  To the extent a response is deemed required, StarKist denies the allegations in this paragraph.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

12

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

66.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purportedly has made a chart with Chartbuilder that cites "Data: Euromonitor."  StarKist refers to the source data, to the extent it exists, for its contents and denies any characterization thereof.  StarKist denies the remaining allegations in this paragraph.

67.     StarKist denies the allegations in this paragraph.

68.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purports to quote from TUG's 2014 Annual Report.  StarKist refers to the document, to the extent it exists, for its contents and denies any characterization thereof.  StarKist also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

69.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

70.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purports to quote a memo by Kelly Mayer.  StarKist refers to the document, to the extent it exists, for its contents and denies any characterization thereof.  StarKist also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

71.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that StarKist has the largest market share of canned tuna in the United States.  Except as so stated, StarKist denies the remaining allegations in this paragraph.

72.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purports to quote a Korean-

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

13

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

language publication.  StarKist refers to the document, to the extent it exists, for its contents and denies any characterization thereof.  StarKist denies all remaining allegations in this paragraph.

73.     StarKist denies all allegations in this paragraph.

74.     StarKist admits the allegations in this paragraph.

75.     StarKist denies the allegations in this paragraph.

76.     StarKist denies the allegations in this paragraph.

77.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

78.     StarKist denies involvement in any purported collusive agreement or conspiracy. StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

79.     StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of this paragraph and therefore denies those allegations. StarKist denies all remaining allegations in this paragraph.

80.     StarKist admits Dongwon Industries was one of multiple parties to a Purchase Agreement in 2008, whereby Dongwon Industries acquired a partial stake in StarKist.  Dongwon Industries later acquired 100% of StarKist in September 2012.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

81.     StarKist denies the allegations in this paragraph.

82.     StarKist denies involvement in any purported collusive

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT     14

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1   agreement or conspiracy.  StarKist admits that Messrs. Bollmer and Tucker were

2   employed at one time by StarKist and that they previously had worked at COSI.

3   StarKist lacks knowledge or information sufficient to form a belief as to the truth

4   of the remaining allegations in this paragraph and therefore denies those

5   allegations.

6   83.   StarKist denies involvement in any purported collusive

7   agreement or conspiracy.  StarKist admits that Robert Worsham is Kenneth

8   Worsham's father.  StarKist lacks knowledge or information sufficient to form a

9   belief as to the truth of the remaining allegations of this paragraph and therefore

10   denies those allegations.

11   84.   StarKist denies the allegations in this paragraph.

12   85.   StarKist denies involvement in any purported collusive

13   agreement or conspiracy.  StarKist admits that StarKist is a member of the

14   National Fisheries Institute and the Tuna Council.  StarKist lacks knowledge or

15   information sufficient to form a belief as to the truth of the remainder of this

16   paragraph and therefore denies those allegations.

17   86.   StarKist denies involvement in any purported collusive

18   agreement or conspiracy.  StarKist admits that StarKist used Impress to can its

19   tuna.  StarKist lacks knowledge or information sufficient to form a belief as to the

20   truth of the remaining allegations in this paragraph and therefore denies those

21   allegations.

22   87.   StarKist denies involvement in any purported collusive

23   agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

24   form a belief as to the truth of the allegations in this paragraph and therefore denies

25   those allegations.

26

27   88.   StarKist denies the allegations in this paragraph.

28   89.   StarKist denies involvement in any purported collusive

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT        15

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

2  form a belief as to the truth of the remaining allegations in this paragraph and

3  therefore denies those allegations.

4          90.     StarKist denies involvement in any purported collusive

5  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

6  form a belief as to the truth of the allegations in this paragraph and therefore denies

7  those allegations.

8          91.     StarKist denies involvement in any purported collusive

9  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

10  form a belief as to the truth of the remaining allegations in this paragraph and

11  therefore denies those allegations.

12          92.     StarKist denies involvement in any purported collusive

13  agreement or conspiracy.  The allegations in this paragraph contain legal

14  conclusions to which no response is required.  To the extent a response is deemed

15  required, StarKist denies the allegations in this paragraph.

16          93.     StarKist denies involvement in any purported collusive

17  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

18  form a belief as to the truth of the remaining allegations in this paragraph and

19  therefore denies those allegations.

20          94.     StarKist denies involvement in any purported collusive

21  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

22  form a belief as to the truth of the remaining allegations in this paragraph and

23  therefore denies those allegations.

24          95.     StarKist denies involvement in any purported collusive

25  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

26  form a belief as to the truth of the remaining allegations in this paragraph and

27  therefore denies those allegations.

28          96.     StarKist denies involvement in any purported collusive

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

16

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

2  form a belief as to the truth of the remaining allegations in this paragraph and

3  therefore denies those allegations.

4         97.    StarKist denies involvement in any purported collusive

5  agreement or conspiracy.  StarKist admits that Plaintiff purports to quote an

6  alleged Del Monte/StarKist document.  StarKist refers to any such document, to

7  the extent it exists, for its contents and denies any characterization thereof.  To the

8  extent there are any remaining allegations in this paragraph for which a response is

9  deemed required, StarKist denies those allegations.

10         98.    StarKist denies involvement in any purported collusive

11  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

12  form a belief as to the truth of the remaining allegations in this paragraph and

13  therefore denies those allegations.

14         99.    StarKist denies involvement in any purported collusive

15  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

16  form a belief as to the truth of the allegations in this paragraph and therefore denies

17  those allegations.

18        100.    StarKist denies involvement in any purported collusive

19  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

20  form a belief as to the truth of the allegations in the first sentence of this paragraph

21  and therefore denies those allegations.  StarKist denies the remaining allegations in

22  this paragraph.

23        101.    StarKist denies involvement in any purported collusive

24  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

25  form a belief as to the truth of the allegations in this paragraph regarding Bumble

26  Bee and the COSI Defendants and therefore denies those allegations.  StarKist

27  denies any remaining allegations in this paragraph.

28        102.    StarKist denies involvement in any purported collusive

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

17

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1   agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

2   form a belief as to the truth of the remaining allegations in this paragraph and

3   therefore denies those allegations.

4          103.   StarKist denies involvement in any purported collusive

5   agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

6   form a belief as to the truth of the remaining allegations in this paragraph and

7   therefore denies those allegations.

8          104.   StarKist denies involvement in any purported collusive

9   agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

10  form a belief as to the truth of the remaining allegations in this paragraph and

11  therefore denies those allegations.

12         105.   StarKist lacks knowledge or information sufficient to form a

13  belief as to the truth of the allegations in this paragraph and therefore denies those

14  allegations.

15         106.   StarKist lacks knowledge or information sufficient to form a

16  belief as to the truth of the allegations in this paragraph and therefore denies those

17  allegations.

18         107.   StarKist denies involvement in any purported collusive

19  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

20  form a belief as to the truth of the remaining allegations in this paragraph and

21  therefore denies those allegations.

22         108.   StarKist denies involvement in any purported collusive

23  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

24  form a belief as to the truth of the remaining allegations in this paragraph and

25  therefore denies those allegations.

26

27         109.   StarKist denies involvement in any purported collusive

28  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

18

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

110.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

111.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

112.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

113.   StarKist denies the allegations in this paragraph.

114.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purports to describe various communications.  StarKist refers to any such communications, to the extent they exist, for their contents and denies any characterization thereof. StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

115.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

116.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that StarKist's can specifications began

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

19

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1   to be updated in early 2008.  StarKist lacks knowledge or information sufficient to

2   form a belief as to the truth of the allegations regarding Bumble Bee and COSI in

3   the first two sentences of this paragraph and therefore denies those allegations.

4   StarKist denies all remaining allegations in this paragraph.

5        117.   StarKist denies involvement in any purported collusive

6   agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

7   form a belief as to the truth of the remaining allegations in this paragraph and

8   therefore denies those allegations.

9        118.   StarKist denies involvement in any purported collusive

10  agreement or conspiracy.  StarKist admits that StarKist had a commercial

11  relationship with Impress.  StarKist admits that Plaintiff purports to describe

12  communications and meetings.  StarKist refers to any such communications, to the

13  extent they exist, for their contents and denies any characterization thereof.

14  StarKist lacks knowledge or information sufficient to form a belief as to the truth

15  of the remaining allegations in this paragraph and therefore denies those

16  allegations.

17       119.   StarKist denies involvement in any purported collusive

18  agreement or conspiracy.  StarKist admits that Plaintiff purports to describe

19  communications between Messrs. Belleville and Cox.  StarKist refers to any such

20  communications, to the extent they exist, for their contents and denies any

21  characterization thereof.  StarKist lacks knowledge or information sufficient to

22  form a belief as to the truth of the remaining allegations in this paragraph and

23  therefore denies those allegations.

24       120.   StarKist denies involvement in any purported collusive

25  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

26  form a belief as to the truth of the allegations in this paragraph and therefore denies

27  those allegations.

28       121.   StarKist lacks knowledge or information sufficient to form a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT   20

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  belief as to the truth of the allegations in this paragraph and therefore denies those

2  allegations.

3      122.  StarKist lacks knowledge or information sufficient to form a

4  belief as to the truth of the allegations in this paragraph and therefore denies those

5  allegations.

6      123.  StarKist denies involvement in any purported collusive

7  agreement or conspiracy. StarKist admits that StarKist's can specifications began

8  to be updated in early 2008. StarKist lacks knowledge or information sufficient to

9  form a belief as to the truth of the remaining allegations in this paragraph and

10  therefore denies those allegations.

11      124.  StarKist denies involvement in any purported collusive

12  agreement or conspiracy.  StarKist admits that Plaintiff purports to describe a

13  presentation.  StarKist refers to any such documents, to the extent they exist, for

14  their contents and denies any characterization thereof.  StarKist denies the

15  remaining allegations in this paragraph.

16      125.  StarKist denies involvement in any purported collusive

17  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

18  form a belief as to the truth of the remaining allegations in this paragraph and

19  therefore denies those allegations.

20      126.  StarKist denies involvement in any purported collusive

21  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

22  form a belief as to the truth of the remaining allegations in this paragraph and

23  therefore denies those allegations.

24      127.  StarKist denies involvement in any purported collusive

25  agreement or conspiracy.  StarKist admits that StarKist's can specifications began

26  to be updated in early 2008. StarKist denies all remaining allegations in this

27  paragraph.

28      128.  StarKist denies involvement in any purported collusive

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

21

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1   agreement or conspiracy.  StarKist admits that StarKist began distributing five-

2   ounce cans of tuna in or about July 2008.  StarKist admits that the StarKist can size

3   change was largely completed in early 2009.  StarKist lacks knowledge or

4   information sufficient to form a belief as to the truth of the remaining allegations in

5   this paragraph and therefore denies those allegations.

6       129. StarKist denies the allegations in this paragraph.

7       130. StarKist denies involvement in any purported collusive

8   agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

9   form a belief as to the truth of the remaining allegations in this paragraph and

10  therefore denies those allegations.

11      131. StarKist denies involvement in any purported collusive

12  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

13  form a belief as to the truth of the remaining allegations in this paragraph and

14  therefore denies those allegations.

15      132. StarKist denies involvement in any purported collusive

16  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

17  form a belief as to the truth of the remaining allegations in this paragraph and

18  therefore denies those allegations.

19      133. StarKist denies involvement in any purported collusive

20  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

21  form a belief as to the truth of the remaining allegations in this paragraph and

22  therefore denies those allegations.

23      134. StarKist denies involvement in any purported collusive

24  agreement or conspiracy.  StarKist admits that StarKist announced a price increase

25  in June 2008.  StarKist admits that StarKist's cans were downsized from six

26  ounces to five ounces.  StarKist admits that the price on a case of StarKist chunk

27  light tuna went to $36.48 in 2008.  StarKist lacks knowledge or information

28  sufficient to form a belief as to the truth of the remaining allegations in this

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

22

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  paragraph and therefore denies those allegations.

2          135.   StarKist denies the allegations in this paragraph.

3          136.   StarKist denies involvement in any purported collusive

4  agreement or conspiracy.  The allegations in the second and third sentences purport

5  to define terms and do not contain factual allegations to which a response is

6  required.  StarKist lacks knowledge or information sufficient to form a belief as to

7  the truth of the remaining allegations in this paragraph and therefore denies those

8  allegations.

9          137.   StarKist denies the allegations in this paragraph.

10          138.   StarKist denies involvement in any purported collusive

11  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

12  form a belief as to the truth of the remaining allegations in this paragraph and

13  therefore denies those allegations.

14          139.   StarKist denies involvement in any purported collusive

15  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

16  form a belief as to the truth of the allegations in this paragraph and therefore denies

17  those allegations.

18          140.   StarKist denies involvement in any purported collusive

19  agreement or conspiracy.  StarKist admits that StarKist is a member of the NFI.

20  StarKist lacks knowledge or information sufficient to form a belief as to the truth

21  of the remaining allegations in this paragraph and therefore denies those

22  allegations.

23          141.   StarKist denies involvement in any purported collusive

24  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

25  form a belief as to the truth of the allegations in this paragraph and therefore denies

26  those allegations.

27          142.   StarKist denies involvement in any purported collusive

28  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT          23

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1 form a belief as to the truth of the remaining allegations in this paragraph and
2 therefore denies those allegations.

3        143.   StarKist denies the allegations in this paragraph.

4        144.   StarKist denies the allegations in this paragraph.

5        145.   StarKist denies involvement in any purported collusive
6 agreement or conspiracy.  StarKist admits that Plaintiff purports to quote and
7 describe statements by Mr. Lischewski of Bumble Bee.  StarKist refers to any such
8 statements, to the extent they exist, for their contents and denies any
9 characterization thereof.  StarKist denies the remaining allegations in this
10 paragraph.

11       146.   StarKist denies involvement in any purported collusive
12 agreement or conspiracy.  StarKist admits that there were telephone calls between
13 Mr. White and Messrs. K. Worsham and/or Handford on February 22, 23, 28 and
14 March 2, 3, 4, 14, and 15.  StarKist admits that there were text messages between
15 Messrs. White and Handford on February 24 and 26.  StarKist lacks knowledge or
16 information sufficient to form a belief as to the truth of the remaining allegations in
17 this paragraph and therefore denies those allegations.

18       147.   StarKist denies involvement in any purported collusive
19 agreement or conspiracy.  StarKist lacks knowledge or information sufficient to
20 form a belief as to the truth of the allegations in this paragraph and therefore denies
21 those allegations.

22       148.   StarKist denies involvement in any purported collusive
23 agreement or conspiracy.  StarKist lacks knowledge or information sufficient to
24 form a belief as to the truth of the remaining allegations in this paragraph and
25 therefore denies those allegations.

26       149.   StarKist denies involvement in any purported collusive
27 agreement or conspiracy.  StarKist admits that StarKist announced a list price
28 increase that had an effective date of May 30, 2011.  StarKist lacks knowledge or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT          24
CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1   information sufficient to form a belief as to the truth of the allegations in this

2   paragraph regarding Bumble Bee and COSI and therefore denies those allegations.

3   StarKist denies any remaining allegations in this paragraph.

4           150.   StarKist denies involvement in any purported collusive

5   agreement or conspiracy.  StarKist admits that Plaintiff purports to describe

6   communications between various individuals.  StarKist refers to any such

7   communications, to the extent they exist, for their contents and denies any

8   characterization thereof.  StarKist lacks knowledge or information sufficient to

9   form a belief as to the truth of the remaining allegations in this paragraph and

10  therefore denies those allegations.

11          151.   StarKist denies the allegations in this paragraph.

12          152.   StarKist denies the allegations in this paragraph.

13          153.   StarKist denies involvement in any purported collusive

14  agreement or conspiracy.  StarKist admits that there were phone calls between

15  Messrs. White and Hodge on December 15, 2011, January 3, 2012, and January 12,

16  2012; and between Messrs. Hodge and Sawyer on December 20, 2011.  StarKist

17  lacks knowledge or information sufficient to form a belief as to the truth of the

18  remaining allegations in this paragraph and therefore denies those allegations.

19          154.   StarKist denies involvement in any purported collusive

20  agreement or conspiracy.  StarKist admits that StarKist announced a price increase

21  on or about January 13, 2012, effective March 26, 2012.  StarKist admits that a 48

22  pack of five ounce cans of StarKist chunk light tuna in water increased from

23  $40.80 to $43.68.  StarKist lacks knowledge or information sufficient to form a

24  belief as to the truth of the allegations in this paragraph regarding Bumble Bee and

25  COSI and therefore denies those allegations.  StarKist denies the remaining

26  allegations in this paragraph.

27          155.   StarKist denies involvement in any purported collusive

28  agreement or conspiracy.  StarKist avers that Mr. Bollmer's start date as a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT   25

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

Regional Sales Manager of StarKist was June 27, 2011. StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

156.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

157.   StarKist denies the allegations in this paragraph.

158.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that there was an ISSF Board Meeting in Rome, Italy on October 26, 2011.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

159.   StarKist denies the allegations in this paragraph.

160.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purports to describe alleged communications.  StarKist refers to any such communications, to the extent they exist, for their contents and denies any characterization thereof.  StarKist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

161.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purports to quote a communication between Messrs. McClain and Melbourne of Bumble Bee. StarKist refers to any such communication, to the extent it exists, for its content and denies any characterization thereof.  StarKist denies the remaining allegations in this paragraph.

162.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that Plaintiff purports to quote a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT        26

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  communication between Messrs. Chan and Lee.  StarKist refers to any such

2  communication, to the extent it exists, for its content and denies any

3  characterization thereof.  StarKist also lacks knowledge or information sufficient to

4  form a belief as to the truth of the allegations in this paragraph and therefore denies

5  those allegations.

6         163.   StarKist denies involvement in any purported collusive

7  agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

8  form a belief as to the truth of the remaining allegations in this paragraph and

9  therefore denies those allegations.

10        164.   StarKist denies involvement in any purported collusive

11 agreement or conspiracy.  StarKist admits that Plaintiff purports to describe

12 communications between Messrs. Lischewski and Chan, between Messrs. Hodge,

13 R. Worsham, and K. Worsham; and between Messrs. Sawyer and Tuza.  StarKist

14 refers to any such communications, to the extent they exist, for their content and

15 denies any characterization thereof.  StarKist denies the remaining allegations in

16 this paragraph.

17        165.   StarKist denies involvement in any purported collusive

18 agreement or conspiracy.  StarKist lacks knowledge or information sufficient to

19 form a belief as to the truth of the allegations in this paragraph and therefore denies

20 those allegations.

21        166.   StarKist denies involvement in any purported collusive

22 agreement or conspiracy.  StarKist admits that StarKist is a member of a number of

23 reputable and well-known trade and industry organizations, including the ISSF.

24 StarKist admits that Plaintiff purports to describe and quote various meeting

25 communications and emails.  StarKist refers to any such communications and

26 emails, to the extent they exist, for their content and denies any characterization

27 thereof.  StarKist lacks knowledge or information sufficient to form a belief as to

28 the truth of the remaining allegations in this paragraph and therefore denies those

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT      27

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1   allegations.

2        167.   StarKist denies the allegations in the first sentence of this

3   paragraph.  StarKist admits that Plaintiff purports to describe an observation by

4   Mr. Lischewski.  StarKist refers to any such observation, to the extent it exists, for

5   its content and denies any characterization thereof.  StarKist denies the remaining

6   allegations in this paragraph.

7        168.   StarKist denies the allegations in this paragraph.

8        169.   StarKist denies the allegations in this paragraph.

9        170.   StarKist denies the allegations in this paragraph.

10       171.   StarKist denies the allegations in this paragraph.

11       172.   StarKist denies involvement in any purported collusive

12  agreement or conspiracy.  StarKist admits that Plaintiff purports to describe reports

13  and statements by the Department of Justice.  StarKist refers to any such reports

14  and statements, to the extent they exist, for their content and denies any

15  characterization thereof.  StarKist denies the remaining allegations of this

16  paragraph.

17       173.   StarKist denies involvement in any purported collusive

18  agreement or conspiracy.  StarKist admits that Plaintiff purports to refer to public

19  statements regarding a transaction between TUG and Bumble Bee.  StarKist refers

20  to those statements, to the extent they exist, for their contents and denies any

21  characterizations thereof.  StarKist lacks knowledge or information sufficient to

22  form a belief as to the truth of the remaining allegations in this paragraph and

23  therefore denies those allegations.

24

25       174.   StarKist denies involvement in any purported collusive

26  agreement or conspiracy.  StarKist admits that Stephen L. Hodge is a former Vice

27  President of Sales at StarKist, and that Mr. Hodge pleaded guilty on June 28, 2017.

28  Except as so stated, StarKist lacks knowledge or information sufficient to form a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT        28

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  belief as to the truth of the allegations in this paragraph and therefore denies those

2  allegations.

3        175.   StarKist lacks knowledge or information sufficient to form a

4  belief as to the truth of the allegations in this paragraph and therefore denies those

5  allegations.

6        176.   StarKist denies involvement in any purported collusive

7  agreement or conspiracy.  StarKist admits that StarKist announced receiving a

8  subpoena in spring 2017.  StarKist denies the remaining allegations in this

9  paragraph.

10        177.   StarKist denies involvement in any purported collusive

11  agreement or conspiracy. StarKist admits that DOJ has stated that "[a] federal

12  grand jury empaneled in the Northern District of California is investigating

13  potential violations of the Sherman Act, 15 U.S.C. § 1, in the packaged seafood

14  industry," (United States' Notice of Motion and Motion to Intervene, Dkt. 34), but

15  denies involvement in any purported collusive agreement or conspiracy.  Except as

16  so stated, StarKist lacks knowledge or information sufficient to form a belief as to

17  the truth of the remaining allegations in this paragraph and therefore denies those

18  allegations.  StarKist admits that Plaintiff purports to quote statements by Ms.

19  Hesse and Mr. Finch.  StarKist refers to any such statements, to the extent they

20  exist, for their content and denies any characterization thereof.  StarKist denies the

21  remaining allegations in this paragraph.

22        178.   This paragraph does not contain factual allegations to which a

23  response is required.  To the extent a response is deemed required, StarKist denies

24  the allegations in this paragraph.

25        179.   StarKist denies involvement in any purported collusive

26  agreement or conspiracy.  StarKist admits that Plaintiff purports to describe a

27  Criminal Complaint (or Information) charging Cameron.  StarKist refers to that

28  Information for its content and denies any characterization thereof.  The remainder

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT          29

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

of this paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the remaining allegations in this paragraph.

180.   StarKist denies the allegations in the first and last sentences of this paragraph.  The remaining allegations in this paragraph contain legal arguments and conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the remaining allegations in this paragraph.

181.   StarKist denies the allegations in the first sentence of this paragraph.  The remaining allegations in this paragraph contain legal arguments and conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the remaining allegations in this paragraph.

182.   StarKist denies involvement in any purported collusive agreement or conspiracy.  StarKist admits that StarKist is a member of a number of reputable and well-known trade and industry organizations, including the Tuna Council and the ISSF.  StarKist admits that Plaintiff purports to describe various communications.  StarKist refers to any such communications, to the extent they exist, for their content and denies any characterization thereof.  StarKist also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding COSI and/or Bumble Bee and therefore denies those allegations. StarKist denies the remaining allegations in this paragraph.

183.   The statements in this paragraph contain legal arguments and conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the allegations in this paragraph.

184.   This paragraph contains legal arguments and conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the allegations in this paragraph.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT          30

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

185.   This paragraph contains legal arguments and conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the remaining allegations in this paragraph.

186.   This paragraph contains legal arguments and conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the allegations in this paragraph.

187.   This paragraph contains legal arguments and conclusions to which no response is required.  To the extent a response is deemed required, StarKist denies the allegations in this paragraph.

188.   StarKist incorporates by reference its responses to the allegations in all Paragraphs above as if fully set forth herein.

189.   StarKist admits that Plaintiff purports to bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, but denies that Plaintiff can state a claim under the Sherman Act and denies that Plaintiff is entitled to any of the requested relief.

190.   StarKist denies the allegations in this paragraph.

191.   StarKist denies the allegations in this paragraph.

192.   StarKist denies the allegations in this paragraph.

193.   StarKist denies the allegations in this paragraph.

194.   StarKist denies the allegations in this paragraph.

195.   StarKist denies the allegations in this paragraph.

## ANSWER AS TO PRAYER FOR RELIEF

Except as stated above, StarKist denies each and every allegation in the Complaint.  StarKist denies that Plaintiffs are entitled to any relief.  StarKist requests that the Complaint be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

31

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  favor of StarKist, and that the Court award StarKist such other and further relief as

2  the Court deems just and proper.

3

4                              **AFFIRMATIVE DEFENSES**

5            StarKist sets forth below its affirmative defenses.  Each defense is

6  asserted as to all claims against StarKist by Plaintiff.  By setting forth these

7  affirmative defenses, StarKist does not assume the burden of proving any fact,

8  issue, or element of a cause of action where such burden properly belongs to the

9  Plaintiff.  Nothing stated herein is intended or shall be construed as an admission

10  that any particular issue or subject matter is relevant to the Plaintiff's allegations.

11  StarKist reserves the right to rely on any affirmative or other defense or claim that

12  may subsequently come to light, and expressly reserves the right to amend its

13  Answer to assert such additional defenses or claims.

14            As separate and distinct affirmative defenses, StarKist alleges as

15  follows:

16            1.     This Court lacks subject matter jurisdiction.

17            2.     Plaintiff's claims fail to satisfy the requirements of the Foreign

18  Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

19            3.     Plaintiff's claims are barred for failure to state a claim upon

20  which relief can be granted.

21            4.     Plaintiff's claims are barred, in whole or in part, because Plaintiff

22  has failed to plead fraudulent concealment with the particularity required by

23  Rule 9(b) of the Federal Rules of Civil Procedure or under other applicable

24  law.

25            5.     Plaintiff's claims are barred, in whole or in part, because Plaintiff

26  has suffered no antitrust injury.

27            6.     Plaintiff's claims are barred, in whole or in part, by the applicable

28  statute of limitations.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT          32

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

7.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

8.     Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have standing to raise those claims.

9.     Plaintiff is barred, in whole or in part, from any recovery because Defendants' actions were privileged, justified, and/or excused.

10.    Plaintiff's claims are barred, in whole or in part, because they have been released and/or waived.

11.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks damages that would constitute duplicative recovery and/or offset.

12.    Plaintiff's claims for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge, the existence of which StarKist expressly denies, was absorbed, in whole or in part, by others, and was not passed through to Plaintiff or was passed on by Plaintiff to other parties.

13.    Plaintiff's claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiff.

14.    Plaintiff's claims for unjust enrichment are barred, in whole or in part, because Plaintiff failed to exhaust all remedies against the parties with whom Plaintiff is in privity.

15.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate, prevent, or avoid Plaintiff's alleged damages, if any, and therefore Plaintiff's recovery, if any, should be reduced to the extent such damages could and should have been mitigated, prevented, or avoided.

16.    To the extent that any actionable conduct occurred, Plaintiff's claims and claims of any putative class members are barred because all such conduct would have been committed by individuals acting ultra vires.

17.    Plaintiff's claims are barred to the extent that they did not

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

33

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  purchase tuna directly from Defendants, because they are indirect purchasers

2  and barred from maintaining an action under 15 U.S.C. §§ 1 and 3 for alleged

3  injuries in that capacity.

4       18.   StarKist adopts by reference any defense, not otherwise expressly

5  set forth herein, that is or will be pleaded by any other Defendant in this

6  action.

## RESERVATION OF RIGHTS
## TO ASSERT ADDITIONAL DEFENSES

7

8       StarKist has not knowingly or intentionally waived any applicable

9  defenses, and it reserves the right to assert and rely upon other applicable defenses

10  that may become available or apparent during discovery in this matter.  StarKist

11  reserves the right to amend or seek to amend its answer and/or affirmative

12  defenses.

13

14

## PRAYER FOR RELIEF

15

16       StarKist requests that the Complaint be dismissed with prejudice, that

17  the Court find that Plaintiff is not entitled to any judgment or relief, that the Court

18  enter judgment in favor of StarKist, and that the Court award StarKist such other

19  and further relief as the Court deems just and proper.

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT   34

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1  Dated:  April 23, 2018

2                                                    Respectfully submitted,

3

4                                                    LATHAM & WATKINS LLP

5                                                    *s/ Belinda S Lee*

6                                                    Alfred C. Pfeiffer (CA 120965)
                                                     Christopher S. Yates (CA 161273)
7                                                    Belinda S Lee (CA 199635)
                                                     Niall E. Lynch (CA 157959)
8                                                    Ashley M. Bauer (CA 231626)
                                                     LATHAM & WATKINS LLP
9                                                    505 Montgomery Street
                                                     Suite 2000
10                                                   San Francisco, CA 94111
                                                     Telephone: 415-391-0600
11                                                   Facsimile: 415-395-8095
                                                     Email: al.pfeiffer@lw.com
12                                                   Email: chris.yates@lw.com
                                                     Email: belinda.lee@lw.com
13                                                   Email: niall.lynch@lw.com
                                                     Email: ashley.bauer@lw.com

14
                                                     *Attorneys for Defendant StarKist Co.*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT

35

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

      I certify that on April 23, 2018, I filed the foregoing DEFENDANT STARKIST CO.'S ANSWER TO SYSCO CORPORATION'S COMPLAINT with the Clerk of Court for the United States District Court, Southern District of California by using the Court's CM/ECF system, which will serve electronic notification of this filing to all counsel of record.

                          s/ Belinda Lee

                        *Attorneys for Defendant StarKist Co.*

LATHAM&WATKINS\ufeff LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT STARKIST CO.'S ANSWER TO THE
SYSCO CORPORATION PLAINTIFF'S COMPLAINT    36

CASE NO. 3:18-CV-00387-JLS-MDD
MDL NO. 2670